# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT EUGENE WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00314-HEA |
| | ) | |
| NURSE TARRY UNKNOWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Robert Eugene Woodson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the official capacity claims against defendants Tarry Unknown and Bonnie Unknown. However, the Court will direct the Clerk of Court to issue process on both defendants in their individual capacities as to plaintiff's claim of deliberate indifference to his medical needs.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion for leave to proceed in forma pauperis, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

2

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Nurse Tarry Unknown and Nurse Bonnie Unknown as defendants. (Docket No. 1 at 2-3). They are sued in both their official and individual capacities.

In his "Statement of Claim," plaintiff asserts that on January 12, 2021, his hands were "slammed and crushed" in a "chuckhole" by a correctional officer[1] at the Eastern Reception,

---

[1] This use of force is the subject of a separate lawsuit. *See Woodson v. Case*, No. 4:21-cv-192-SRC (E.D. Mo. Feb. 11, 2021).

3

Diagnostic, and Correctional Center in Bonne Terre. (Docket No. 1 at 4). This left him "in pain in both hands," with gashes on his "hand and wrist and [knots] and nerves sticking up."

After receiving his injuries, plaintiff asked for emergency medical attention. A "couple hours later," Nurse Tarry came to him. According to plaintiff, Nurse Tarry said, "Oh you," and began to walk away. Plaintiff told her that his hand hurt, that he needed help, and that he required an x-ray. Nurse Tarry turned around and allegedly told him to "wash it off," and then "walked off."

The next day, plaintiff was transferred to the Farmington Correctional Center, where he again asked for emergency medical attention. Plaintiff was advised that he would be seen by Corizon staff, but was never seen by anyone before being placed in administrative segregation.

On January 13, 2021, plaintiff saw Nurse Bonnie walking past. He asked Nurse Bonnie for medical attention, and she told him "she would take care of it." Nevertheless, Nurse Bonnie "did not come see [him] or offer any medical help." Plaintiff alleges that every time he saw Nurse Bonnie, she would give different excuses or "just ignore [him]."

On January 28, 2021, plaintiff was released from administrative segregation and wrote asking for medical care. He was seen by a nurse practitioner on February 18, 2021, and was given an x-ray. The x-ray revealed that plaintiff's thumb was "broke[en] twice and fingers 4 [and] five were fractured." The nurse practitioner placed plaintiff's hand and thumb into a splint.

Plaintiff notes that he did not receive any medical treatment for over four weeks, even though he requested such treatment every day. His injuries amount to a thumb broken in two places, two fractured fingers, and "intensive nerve damage due to lack of medical care." As a result, plaintiff is seeking $350,000 in damages. (Docket No. 1 at 5).

Attached to plaintiff's complaint are two exhibits. The first exhibit consists of two medical lay-ins indicating that plaintiff has suffered a hand injury. (Docket No. 1-3). The second is a handwritten grievance in which plaintiff presents the same allegations as appear in the complaint. (Docket No. 1-4). The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

### Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that Nurse Tarry and Nurse Bonnie were deliberately indifferent to his medical needs. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the official capacity claims against Nurse Tarry and Nurse Bonnie. However, the Court will direct the Clerk of Court to issue process against both defendants in their individual capacities.

**A. Official Capacity Claims**

Plaintiff has sued Nurse Tarry and Nurse Bonnie in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be

5

treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, plaintiff alleges that both Nurse Tarry and Nurse Bonnie are employed by Corizon Health Care, a private company contracted by the Missouri Department of Corrections to provide medical services to inmates. As such, the official capacity claims against them are treated as claims against Corizon itself, their employer. To prevail, plaintiff must establish Corizon's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075.

"A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

In this case, plaintiff has not demonstrated that his constitutional rights were violated due to a policy, custom, or official action on the part of Corizon. That is, his facts do not indicate that

6

the actions by Nurse Tarry and Nurse Bonnie are somehow attributable to their employer. For example, as to the allegation that Nurse Tarry "walked off" and refused plaintiff treatment, there are no facts showing that Nurse Tarry was following a Corizon "policy" in so acting. Likewise, plaintiff does not present facts supporting the proposition that Nurse Tarry's refusal to treat plaintiff came about as part of an unofficial Corizon custom, or an official action made by a Corizon official. The same holds true with regard to the allegations against Nurse Bonnie. To the extent that plaintiff seeks to hold Corizon accountable simply because they employed Nurse Tarry and Nurse Bonnie, the Court notes that respondeat superior is inapplicable to 42 U.S.C. § 1983 claims.

For the reasons discussed above, plaintiff has not shown that Corizon was responsible for inflicting an actionable injury upon him. Because he has not demonstrated Corizon's liability, the official capacity claims against Nurse Tarry and Nurse Bonnie must be dismissed.

### B. Individual Capacity Claims

Plaintiff has also sued Nurse Tarry and Nurse Bonnie in their individual capacities, alleging deliberate indifference to his medical needs. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician

7

as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In this case, plaintiff has alleged a serious medical need in that his hand and wrist was gashed, his thumb broken in two places, and two of his fingers fractured after allegedly being slammed in a "chuckhole," or food port. He has also accused two nurses of being deliberately indifferent to this medical need. Specifically, plaintiff claims that when Nurse Tarry responded to his request for medical treatment, on the day he was injured, she said "Oh you" and walked away. Additionally, he states that Nurse Bonnie said that she would take care of him, but never did. When plaintiff continued to ask Nurse Bonnie for assistance, she either gave him an excuse or ignored him. Ultimately, plaintiff did not receive any treatment for over a month. The Court must accept these allegations as true, and make all reasonable inferences in his favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, plaintiff's allegations against Nurse Tarry and Nurse Bonnie are sufficient for purposes of initial review under 28 U.S.C. § 1915.

Therefore, the Clerk of Court will be directed to issue process on Nurse Tarry and Nurse Bonnie in their individual capacities as to plaintiff's claim of deliberate indifference to his medical needs.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this order. Plaintiff is instructed to make his remittance

9

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendants Tarry Unknown and Bonnie Unknown are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendants Tarry Unknown and Bonnie Unknown in their individual capacities as to plaintiff's claim of deliberate indifference to his medical needs. Defendants shall be served in accordance with the service agreement the Court maintains with Corizon Health, Inc.

**IT IS FURTHER ORDERED** that an appeal of this partial dismissal would not be taken in good faith.

Dated this 2nd day of August, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE